UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAMEKA MILLER,

    Plaintiff,

v.                                        CASE NO. 8:19-cv-2500-T-02AAS

HERITAGE MANOR ASSISTED
LIVING FACILITY, CORP.,

    Defendant.
_____/

## ORDER ON ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff's Motion to Determine Attorney's Fees and Costs (Dkt. 20) and Defendant's response (Dkt. 23). Plaintiff recovered $2,166.30 in this suit. Plaintiff, as the prevailing party in this Fair Labor Standards Act ("FLSA") case, seeks her attorney's fees of $26,460.00, which represents a $400.00 hourly rate for 66.4 hours, and costs in the amount of $823.50. After careful consideration of the submissions of the parties and the entire file, the Court awards a reduced amount of attorney's fees and the full amount of costs.

### Attorney's Fee Standard

The lodestar is calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299

(11th Cir. 1988) (citing *Hensley*).  The requested number of hours and hourly rate may be reduced depending on various factors.  The hourly rate is determined by reference to the rate in the legal community charged by attorneys with similar experience handling comparable cases.  The number of hours reasonably incurred depends on the particularity, or lack of vagueness, of the description of work performed and on what hours would be unreasonable to bill the client.

In deciding the hourly rate, the district court "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).  The district court may reduce the number of unreasonably high hours by either conducting an hour-by-hour analysis or by applying an across-the-board cut, but not both.  *Bivens v. Wrap it Up, Inc.*, 548 F.3d 1348, 1352 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).  After the lodestar is established, it may be adjusted downward if the prevailing party was only partially successful.  *Bivens*, 548 F.3d at 1350–51 (citing *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)); *see also Fiedler v. Anglin's Beach Café, Inc.*, No. 15-60989-civ-Zloch, 2017 WL 1278632, at *3 (S.D. Fla. Apr. 3, 2017) (noting *Bivens* limits to one reduction method in computing lodestar, which limitation does not apply to any adjustment of that lodestar).

## Hourly Rate

A reasonable hourly rate is one customarily charged in this district's legal community for similar services by lawyers of comparable skills and experience. The Court finds a reasonable hourly rate for an attorney with thirteen years of experience in the Tampa area handling a straightforward FLSA case such as this one is no more than $300.00. This was a very simple, elemental case with a fairly negligible recovery. No particular or unique skills were needed or shown. Although Plaintiff's attorney has once been awarded $400.00 per hour, *see* page 13 of the motion citing *O'Brien v Bella Nails and Spa Services, Inc.*, No. 8:18-cv-2658-T-30JSS at docket 28, the hourly rate there was not objected to because it was awarded in the context of a default judgment for a total of less than 14 hours. Contrary to *O'Brien*, the parties here never did reach an agreement as to the amount of fees (Dkts. 18, 20) and the amount is vehemently disputed.

## Number of Hours

The district court possesses wide, but not unlimited, discretion in determining a reasonable number of hours. *Norman*, 836 F.2d at 1301, 1304. A reasonable number does not include hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). Counsel must exhibit proper "billing judgment" to avoid the exclusion of excessive time. *Gonzalez v. Rainforest Café, Inc.*, No. 6:16-cv-2011-Orl-22DCI,

2018 WL 3635110, at *2 (M.D. Fla. Apr. 4, 2018) (citing *Hensley*), *adopted in*, 2018 WL 3635085 (M.D. Fla. Apr. 19, 2018).  The Court finds 66.4 hours excessive and shows a lack of billing judgment.[1]

On a three-page complaint containing only two Plaintiff-specific paragraphs, Plaintiff recovered $2,166.30 in lost wages and liquidated damages after one year of litigation.  Dkt. 1, ¶¶ 6, 7.  Throughout this case, Plaintiff never provided a breakdown of hours worked overtime and the exact amount demanded.  Dkt. 23-2, ¶ 16.  Even though Plaintiff maintained she was due 2.5 hours of overtime pay for each week she worked, Defendant maintained she began as a part-time employee and when she did work as a full-time employee, she often did not work 40 hours.  Dkt. 23-2, ¶¶ 12, 13, 16.  Throughout the case, Plaintiff demanded the same, unsupported "thousands of dollars" in overtime pay, not backed by any discernable calculation or documentation.  Dkt. 23-2, ¶¶ 10, 14, 15, 16, 21.  After finally "piec[ing] together information to figure out the specifics of what [Plaintiff's] case was actually about," Defendant remitted the far lesser, but acceptable, $2,166.20 payment of damages to Plaintiff.  Dkt. 23-2, ¶ 22.  Only after this payment did Plaintiff eventually demand a specific, finite amount for attorney's fee and costs.

---

[1] In determining the reasonable amount of fees and the lodestar, the Court has considered the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 89 (1989)).

4

Against this backdrop, the Court reviews the time records hour-by-hour.[2] It appears this case was extended in direction by Plaintiff's inability to provide proper damages information promptly.

Defendant objects to specific entries. Dkt. 23 at 9–10. Plaintiff spent 1.8 hours conducting Plaintiff's initial intake, which is excessive given the bare-boned complaint later drafted. This amount is reduced by 1.0.

Plaintiff billed 1.4 hours on March 6, 2020 for reviewing draft discovery responses. This amount is excessive based on the scant responses and few documents produced and is reduced by 1.0. The .4 hours spent May 22, 2020 reviewing discovery deficiencies and obtaining a Plaintiff's verification, which was never produced, is vague and excessive and is reduced by .3. The entries of June 9 and 10 pertaining to drafting a motion to extend deadlines and checking the mediation deadline totaling .5 are excessive and reduced by .4.

The July 15, 2020 entry for 8.9 hours spent reviewing documents and preparing for the deposition of Defendant's corporate representative is both redundant and excessive. This amount is reduced by 6.9 hours. Likewise, the July

---

[2] The alternate method of an across-the-board reduction of fees typically ranges from 10 to 35 percent but may be higher. *See, e.g., St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 853 (11th Cir. 2005) (approving 30 percent reduction); *McBride v. Legacy Components*, LLC, No. 8:15-cv-1983-17TGW, 2018 WL 4381181 (M.D. Fla. Aug. 30, 2018) (reducing by 35 percent); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26EAJ, 2017 WL 3393569, at *5 n.27 (M.D. Fla. Aug. 8, 2017) (compiling cases); *Access for the Disabled, Inc. v. Missouri Mart, Inc.*, No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *2 (M.D. Fla. Dec. 7, 2006) (reducing by 50 percent).

16 entries of 6.9 hours is redundant and excessive because Plaintiff's deposition that day took 4.5 hours and Plaintiff had prepared earlier. This entry is reduced by 2.4. The entries of July 19 and 20 totaling 12.2 hours in preparation for the depositions of three witnesses, including Defendant's corporate representative is redundant and excessive. This amount is reduced by 8.0 hours. On July 23, the .1-hour entry to order a deposition transcript is clerical in nature and excluded.

On August 12 and 13, the 3.4 hours for research and drafting a motion to compel a non-party's deposition attendance is excessive. This amount is reduced by 2.4. The entries of August 24, 25, 28, September 1, 2, 4, 9, 14, and 22 totaling 2.4 hours are redundant and excessive as dealing with numerous emails to opposing counsel on the same issue and research concerning settlement. This amount is reduced by 2.0. On September 23, 24, and 28, a total of 8.9 hours was attributed to the research and drafting of the instant motion. This amount is excessive and clerical in nature and is reduced by 8.4. The grand total of reductions equals 32.9 hours, leaving 33.5 reasonable hours, which yielded a negligible result for Plaintiff.

Based on the exclusions above, the lodestar is computed as follows: 33.5 hours (66.4 - 32.9) multiplied by $300.00 per hour equals $10,050.00.

## **Adjustment to Lodestar**

The district court may adjust the lodestar in an FLSA case to achieve a more appropriate attorney's fee based on a variety of factors including the degree of Plaintiff's success. *Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, No. 2:17-cv-292-FtM-38MRM, 2017 WL 2078730, at *5 (M.D. Fla. Apr. 23, 2019), *adopted in part in*, 2019 WL 2076453 (M.D. Fla. May 10, 2019).[3]  A lodestar may be reduced where the Plaintiff, while successful in receiving an FLSA settlement, fails to recover the damages she sought, which were far greater than the settlement amount. *Id*. at *6 (reducing lodestar by 60 percent based on plaintiff's limited success and citing cases supporting same).

The precise amount of damages sought is not in this record, but the amount received in settlement is far less than "thousands."  There is no indication Defendant impeded the course of this case.  Defendant did not withhold documents or oppose any relief requested from the Court in this routine, uncomplicated FLSA overtime case.

Accordingly, the Court adjusts the lodestar of $10,050.00 by 30 percent, or by $3,015.00.  The Court awards $7,035.00 in fees.  The Court views this as most generous to Plaintiff and it is over three times the actual recovery.  The costs of the

---

[3] In adjusting the lodestar downward, the Court has not "double-counted" in contravention of *Bivens* by reconsidering the *Johnson* factors.  *See Bivens*, 548 F.3d at 1352.

7

$400.00 filing fee, service of process fees of $131.00, and $292.50 for deposition costs are all recoverable under 28 U.S.C. § 1920.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for attorney's fees and costs (Dkt. 20) is granted in part and denied in part.

2. Attorneys' fees are awarded in the amount of $7,035.00 and costs in the amount of $823.50, for a total of $7,858.50.

3. The Clerk is directed to enter judgment in favor of Plaintiff in the amount set forth in paragraph 2 above and thereafter close the case.

**DONE AND ORDERED** at Tampa, Florida, on October 29, 2020.

*[Signature]*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record